UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN B. BROOKS,<br><br>*Plaintiff,*<br><br>v.<br><br>PF HOLDINGS, LLC, JAWANA JOHNSON, LISA RAWLIGENS, and HALLMARK HOUSE INVESTMENT, LLC,<br><br>*Defendants.* | Civil Action No. 16-4034<br><br>ORDER |

**THIS MATTER** having come before the Court on Plaintiff Calvin R. Brooks' ("Plaintiff") Motion for Default Judgment against Defendants PF Holdings, LLC, Jawana Johnson, Lisa Rawligens and Hallmark Investments, LLC (together, "Defendants"), and Defendants' Cross Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6)[1] and Opposition to Plaintiff's Motion for Default Judgment, ECF No. 1, 14;

and it appearing that Plaintiff's Amended Complaint is subject to screening under 28 U.S.C. § 1915, which directs district courts to review complaints and to dismiss sua sponte any

---

[1] In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

action that: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B);

and it appearing the Plaintiff's Complaint asserts three causes of action: (1) "invasion of privacy," (2) "loss of personal property," and (3) "emotional distress";

and it appearing that, in New Jersey, an "injury to the person" is governed by a two year statute of limitations, see N.J.S.A. 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect, or default of any person within this State shall be commenced within two years after the cause of any such action shall have accrued.");

and it appearing that invasion of privacy and emotional distress are governed by this two year statute of limitations, see Rumbauskas v. Cantor, 138 N.J. 173, 182 (1994) (finding that an invasion of privacy by intrusion action is governed by the two year statute of limitations); Campanello v. Port Authority of New York & New Jersey, 590 F.Supp.2d 694 (D.N.J. 2008) (finding that the statute of limitations for both intentional and negligent infliction of emotional distress is two years);

and it appearing that the event giving rise to Plaintiff's claims occurred on the morning of January 29, 2014 and February 18, 2014, see ECF No. 1, p. 3;

and it appearing that Plaintiff did not file his Complaint until April 17, 2017, more than two years after the events giving rise to the claims contained therein;

and it appearing that, first, there is no independent tort for "loss of property" and, second, that the Complaint lacks any factual allegations regarding Plaintiff's alleged loss;

and for good cause shown;

**IT IS** on this 28th day of March, 2018,

**ORDERED** that Plaintiff's Complaint, ECF No. 1, is administratively **DISMISSED** with prejudice as to the claims for invasion of privacy and emotional distress and without prejudice as to the claim for "loss of property[2]";

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 19, and Defendants' Cross-Motion to Dismiss, ECF No. 24, are **DISMISSED** as moot.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

[2] If Plaintiff so chooses, he may amend his Complaint to clearly set forth the factual basis and cause of action with regard to his purported loss of property.